IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MEGAN C. KERRIGAN,
Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929

    Plaintiff,

v.                                                                          Civil Action No.

UNITED STATES DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, NW
Washington, DC 20530

and

FEDERAL BUREAU OF INVESTIGATION,
935 Pennsylvania Avenue, NW
Washington, DC 20535

and

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES
99 New York Avenue, NE
Washington, DC 20226

    Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.    This cause of action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (Privacy Act), 5 U.S.C. § 552(a), for improper withholding of records, improper redaction of records, and the failure to adequately search for responsive records.

2. This case seeks declaratory relief that the Defendants are in violation of FOIA and the Privacy Act for failing to fulfill the Plaintiff's request for records, and injunctive relief that the Defendants immediately and fully comply with the Plaintiff's requests.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants under 5 U.S.C. § 552(a)(4)(B) (FOIA), 5 U.S.C. § 522a(g)(1)(B) (Privacy Act), and 28 U.S.C. § 1331 (federal question). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5), which provide that the district court of the United States in the District of Columbia has jurisdiction to enjoin these federal agencies from withholding agency records and to order the production of any agency records improperly withheld from the Plaintiff.

## Parties

4. The Plaintiff, Megan Kerrigan, is an adult citizen of the United States and resident of Knox County, Tennessee. The Plaintiff is employed as an investigator for the Federal Defender Services of Eastern Tennessee, Inc. (FDSET). FDSET is located at 800 S Gay Street, Suite 2400, Knoxville, TN 37929.

5. The Plaintiff is harmed by the Defendants' improper withholding of agency records, improper redaction of records, and the Defendants' failure to adequately search for responsive records.

6. The Defendant Department of Justice (DOJ) is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551(1), 552(f), and 702, that

has possession, custody, and/or control of the records that the Plaintiff seeks and is responsible for fulfilling the Plaintiff's FOIA request. DOJ's failure to produce records responsive to the Plaintiff's request, or make any determination about the Plaintiff's request, occurred within this district. The DOJ headquarters are located at 950 Pennsylvania Avenue NW, Washington, DC 20530.

7. The Defendant Federal Bureau of Investigation (FBI) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f), and 702, and is a component of DOJ. The FBI has possession, custody and/or control of the records the Plaintiff seeks, and the failure to produce records responsive to the Plaintiff's request, or make any determination about the Plaintiff's request, occurred within this district. The FBI headquarters are located at 935 Pennsylvania Avenue NW, Washington, DC 20535-0001.

8. The Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f), and 702, and is a component of DOJ. The ATF has possession, custody and/or control of the records the Plaintiff seeks, and the failure to produce records responsive to the Plaintiff's request, or make any determination about the Plaintiff's request, occurred within this district. The ATF headquarters are located at 99 New York Avenue, NE, Washington, DC 20226.

**Facts Giving Rise to Complaint**

9. On January 24, 2022, FDSET was appointed to represent Lemaricus Davidson, an indigent capital defendant, in his federal habeas corpus proceedings.

10. Mr. Davidson was criminally charged in the Knox County in the same indictment with Letalvis Cobbins, George Thomas, Eric Boyd, and Vanessa Coleman. All were charged with drug and gun offenses.

11. Mr. Davidson, Mr. Cobbins, and Mr. Thomas were also charged in connection with the deaths of Channon Christian and Chris Newsom. The case received nationwide publicity.

12. The FBI and ATF (collectively, the "agencies") are components of the DOJ. The agencies assisted local law enforcement in the investigation and prosecution of Mr. Davidson's case.

**FBI Request**

13. In her capacity as investigator for Mr. Davidson, the Plaintiff made requests to the FBI for records under the Freedom of Information Act (5 U.S.C. § 552) (FOIA), and the Privacy Act of 1974 (5 U.S.C. § 552a) on January 25, 2023.

14. On February 7, 2023, the FBI acknowledged receipt of the Plaintiff's request and assigned it FOIPA Request Number 1581114-000.

15. In that same correspondence, the FBI stated that it would neither confirm nor deny the existence of the records and closed the request. The basis for the denial was FOIA exemptions (b)(6) and (b)(7)(C), and 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

16. Because the plaintiff submitted a signed DOJ-361 Form for Mr. Cobbins, the records were either improperly withheld or the agency failed to adequately search for responsive records.

17. The Plaintiff timely appealed the agency determination. The appeal was assigned number A-2023-00906.

18. Six months later, the FBI provided some, but not all of the documents responsive to the Plaintiff's request.

19. Specifically, the disclosure included five pages of redacted documents. In at least one place, potentially exculpatory information pertaining to Mr. Davidson was redacted. This information may have been impermissibly withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995).

20. The Plaintiff timely appealed the limited production. The appeal was assigned number A-2024-00306.

21. The Plaintiff has not received any records or a final agency determination from Appeal A-2024-00306.

22. As of the date of this filing, Appeal A-2024-00306 has been pending approximately eight months without action.

**ATF Request**

23. In her capacity as investigator for Mr. Davidson, the Plaintiff faxed a request to the ATF for records under the Freedom of Information Act (5 U.S.C. § 552) (FOIA), and the Privacy Act of 1974 (5 U.S.C. § 552a) on March 21, 2022.

24. Following no response, the Plaintiff mailed a request to ATF for records under the Freedom of Information Act (5 U.S.C. § 552) (FOIA), and the Privacy Act of 1974 (5 U.S.C. § 552a) on June 13, 2023. The request contained a signed DOJ-361 Form for Mr. Cobbins.

25. On June 28, 2023, the ATF responded that "the investigation relating to Lemaricus Davidson is still open." Therefore, ATF denied the request. Mr. Davidson has been incarcerated since 2007.

26. The Plaintiff timely appealed the agency determination in August 2023. The appeal was assigned number A-2023-01874.

27. Three months later, ATF affirmed the denial of records.

28. ATF's denial constitutes an improper withholding.

## Causes of Action

### Count I:

### Violation of FOIA (5 U.S.C. § 552) for Improper Withholding of Agency Records

29. The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

30. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

31. The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 552(a)(3).

32. The Plaintiff is entitled by law to access the records requested under FOIA, unless the Defendants make an explicit and justified statutory exemption claim.

33. The Defendants did not make responsive records available to the Plaintiff in violation of the FOIA. 5 U.S.C. § 552(a)(3)(A).

34. The Defendants are improperly withholding these records from the Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.

35. The Defendants improperly redacted the records that have been released and they have no legal basis for their improper redactions.

36. The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies under the FOIA.

37. The Defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as the Plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

38. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

### Count II

**Violation of FOIA (5 U.S.C. § 552) for
Failure to Conduct a Reasonable Search**

39. The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

40. The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 552(a)(3).

41. The Defendants failed to conduct a search reasonably calculated to identify all records responsive to the Plaintiff's requests for records, in violation of its obligations under the FOIA. 5 U.S.C. § 552(a)(3)

42. Therefore, the Defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as the Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), (4)(B).

43. The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies under the FOIA.

44. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## Count III

### Violation of the Privacy Act (5 U.S.C. § 552a) for Improper Withholding of Agency Records

45. The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

46. The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 552a(b)(2) & (d).

47. The Plaintiff is entitled by law to access the records requested. *See* 5 U.S.C. § 552(g)(1)(B) & (g)(3).

48. The Defendants have failed to make responsive records available to the Plaintiff, in violation of the Privacy Act. 5 U.S.C. § 552a(d), (e)(6) & (f).

49. Additionally, the Defendants improperly redacted the records that have been released and they have no legal basis for their improper redactions.

50. The Defendants are improperly withholding these records from the Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records. *See* 5 U.S.C. § 552a(f).

51. The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies as provided in the Privacy Act.

## Count IV

### Violation of the Privacy Act of 1974 (5 U.S.C. § 552a) for Failure to Conduct a Reasonable Search

52. The Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

53. The Plaintiff properly requested records within the possession, custody, and/or control of the Defendants. 5 U.S.C. § 552a(b)(2) & (d).

54. The Plaintiff is entitled by law to access the records requested. *See* 5 U.S.C. § 552(g)(1)(B) & (g)(3).

55. The Defendants have failed to conduct a search reasonably calculated to identify all records responsive to the Plaintiff's requests for records, in violation of the Privacy Act. 5 U.S.C. § 552a(d), (e)(6) & (f).

56. The Defendants are failing to adequately search for records responsive to the Plaintiff's requests and have no legal basis for their actions in doing so and in withholding the right of access to the requested records. *See* 5 U.S.C. § 552a(f).

57. The Plaintiff has, or is deemed to have, exhausted all applicable administrative remedies as provided in the Privacy Act.

## **Relief Requested**

Accordingly, the Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant(s), and:

(a) Declare the Defendants' failure to comply with FOIA and the Privacy Act to be unlawful;

(b) Declare that the Plaintiff is entitled to disclosure of the requested records;

(c) Order the Defendants to conduct a search reasonably calculated to identify all records responsive to the Plaintiff's records requests;

(d) Order the Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to the requests that are not specifically exempt from disclosure under the FOIA or the Privacy Act, including any non-identical copies of any such records;

(e) Enjoin the Defendants from withholding the records requested by the Plaintiff; and,

(f) Provide such other relief as the Court may deem just and proper.

                Respectfully submitted,

BY:      /s/ Luke P. Ihnen
       Luke P. Ihnen, (TN BPR 035190)
       FEDERAL DEFENDER SERVICES
       OF EASTERN TENNESSEE, INC.
       800 S. Gay Street, Suite 2400
       Knoxville, TN 37929
       Phone: (865) 637-7979
       Facsimile: (865) 637-7999
       Luke_Ihnen@fd.org

*Counsel for the Plaintiff*