UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEGAN C KERRIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Civil Action No. 24-2671 (CRC) |

## ANSWER

The U.S. Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), and Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to the Complaint (ECF No. 1) filed by Megan C. Kerrigan, ("Plaintiff") on September 18, 2024, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Privacy Act of 1974, 5 U.S.C. § 552(a) ("Privacy Act").

## RESPONSES TO THE NUMBERED PARAGRAPHS

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants respond to the Complaint in like number paragraphs as follows:[1]

1. This paragraph consists of Plaintiff's characterization of the instant action to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff brings the instant action under the FOIA and the Privacy Act of 1974.

2. This paragraph consists of Plaintiff's characterization of the instant action to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to yet-to-be-processed records.

## JURISDICTION AND VENUE

3. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over this action, subject to the terms, conditions, and limitations of FOIA and the Privacy Act. Defendants further admit that venue is proper within this district.

## PARTIES

4. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. This paragraph consists of Plaintiff's characterization of this case and alleged harm to which no response is required. To the extent a response is deemed required, Defendants deny improperly withholding records and failing to adequately search for responsive records.

6. Defendant, the Department of Justice, admits that it is an agency of the United States Government. The remaining allegations in this paragraph consist of Plaintiff's

---

[1] For ease of reference, Defendants' Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

characterization of this action to which no response is required. To the extent a response is deemed required, denied.

7. Defendant, Federal Bureau of Investigation, denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1), but admits that the FBI is a component of the Department of Justice, which is subject to the requirements of the FOIA. The remainder of this paragraph consists of Plaintiff's characterization of this action, which no response is required. To the extent a response is deemed required, denied.

8. Defendant, Bureau of Alcohol, Tobacco, Firearms, and Explosives, admits that it is a component within the Department of Justice, which is an agency subject to the FOIA. The remainder of this paragraph consists of Plaintiff's characterization of this action, which no response is required. To the extent a response is deemed required, denied.

## FACTS GIVING RISE TO COMPLAINT

9. This paragraph consists of Plaintiff's characterization of his criminal proceeding to which no response is required.

10. This paragraph consists of Plaintiff's characterization of his criminal trial to which no response is required.

11. This paragraph consists of Plaintiff's characterization of his criminal trial to which no response is required.

12. Admitted.

## FBI REQUEST

13. Defendant FBI admits it received a FOIA request from Plaintiff, dated January 25, 2023. The remainder of the allegations in this paragraph contain conclusions of law to which no response is required.

14. Admitted.

15. This paragraph contains Plaintiff's characterization of correspondence from the FBI to which no response is required. To the extent a response is deemed required, Defendant, FBI, respectfully refers the Court to the correspondence referenced in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

16. This paragraph asserts conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

17. Admitted.

18. FBI admits that it provided a letter and documents responsive to Plaintiff's request on September 13, 2023. FBI respectfully refers the Court to the letter and documents referenced in this paragraph for a complete and accurate statement of their contents and denies all allegations in this paragraph inconsistent therewith. The last sentence in this paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, denied.

19. FBI admits that it provided five pages, that included redactions, to Plaintiff on September 5, 2023. FBI respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents and denies all allegations in this paragraph inconsistent therewith. The last sentence in this paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, denied.

20. Admitted.

21. Denied.

22. Denied.

**ATF REQUEST**

23. Defendant ATF avers that it has no record of receipt of a request from Plaintiff dated March 21, 2022. Defendant ATF further avers it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

24. Defendant ATF admits that it received a FOIA request from Plaintiff dated June 13, 2023, and that the request contained a signed DOJ-361 form for Mr. Davidson. ATF respectfully refers the Court to the FOIA request referenced in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

25. As to the first two sentences of this paragraph, Defendant ATF avers that it issued a final determination letter to Plaintiff dated June 28, 2023, and respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith. Defendant ATF lacks knowledge or information sufficient to form a belief as to the truth of the last sentence of this paragraph.

26. Defendant ATF avers that Plaintiff submitted an administrative appeal to the DOJ Office of Information Policy ("OIP") via the DOJ online FOIA portal on August 28, 2023. ATF respectfully refers the Court to the appeal referenced in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

27. Defendant ATF avers that OIP affirmed ATF's decision on Plaintiff's June 2023 FOIA request by letter dated November 2, 2023. ATF respectfully refers the Court to the decision referenced in this paragraph for a complete and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith.

28. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, denied.

## CAUSE OF ACTION

### Count I

29. Defendants incorporate by reference their responses to paragraphs 1 through 28 above.

30. This paragraph asserts conclusions of law to which no response is required.

31. This paragraph asserts conclusions of law to which no response is required.

32. This paragraph asserts conclusions of law to which no response is required.

33. This paragraph asserts conclusions of law to which no response is required.

34. This paragraph asserts conclusions of law to which no response is required.

36. This paragraph asserts conclusions of law to which no response is required.

37. This paragraph asserts conclusions of law to which no response is required.

38. This paragraph asserts conclusions of law to which no response is required.

### COUNT II

### Violation of FOIA (5 U.S.C. § 552) for
### Failure to Conduct a Reasonable Search

39. Defendants incorporate by reference their responses to paragraphs 1 through 38 above.

40. This paragraph asserts conclusions of law to which no response is required.

41. This paragraph asserts conclusions of law to which no response is required.

42. This paragraph asserts conclusions of law to which no response is required.

43. This paragraph asserts conclusions of law to which no response is required.

44. This paragraph asserts conclusions of law to which no response is required.

## COUNT III

### Violation the Privacy Act (5 U.S.C. § 552a) for
### Improper Withholding of Agency Records

45. Defendants incorporate by reference their responses to paragraphs 1 through 44 above.

46. This paragraph asserts conclusions of law to which no response is required.

47. This paragraph asserts conclusions of law to which no response is required.

48. This paragraph asserts conclusions of law to which no response is required.

49. This paragraph asserts conclusions of law to which no response is required.

50. This paragraph asserts conclusions of law to which no response is required.

51. This paragraph asserts conclusions of law to which no response is required.

## COUNT IV

### Violation of the Privacy Act of 1974 (5 U.S.C. § 552a) for
### Failure to Conduct a Reasonable Search

52. Defendants incorporate by reference their responses to paragraphs 1 through 51 above.

53. This paragraph asserts conclusions of law to which no response is required.

54. This paragraph asserts conclusions of law to which no response is required.

55. This paragraph asserts conclusions of law to which no response is required.

56. This paragraph asserts conclusions of law to which no response is required.

57. This paragraph asserts conclusions of law to which no response is required.

## RELIEF REQUESTED

The remainder of the Complaint, starting with "RELIEF REQUESTED" asserts Plaintiff's request for relief to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a, where disclosure would cause foreseeable harm.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief to the extent that they exceed the relief authorized by FOIA.

\*   \*   \*

## **THIRD DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

Dated: November 25, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: */s/ Kimberly A. Stratton*
    KIMBERLY A. STRATTON
    P.A. Bar #327725
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    Ph: (202) 417-4216
    Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*